UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VU TAM,  :  | |
|      Plaintiff,  : | |
| : | PRISONER |
| v.  : | CASE NO. 3:12-cv-1019 (SRU) |
| : | |
| BARBER LaFRANCE and  : | |
| UTILIZATION REVIEW COMMITTEE,  : | |
|      Defendants.  : | |

INITIAL REVIEW ORDER

The plaintiff, Vu Tam,[1] currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000). The plaintiff names as defendants Nurse Barber LaFrance and the members of the Utilization Review Committee.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

---

[1] The plaintiff indicates on the complaint form that his name is Vu Tam. Department of Correction records indicate that his name is Tam Vu. The documents attached to the complaint use both versions. The court used the plaintiff's name as indicated in the complaint caption.

*Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Tam alleges that in 2008, while incarcerated in New York, he underwent surgery to remove a brain tumor. A year later, he began to experience blurred vision and loss of hearing, dizziness and severe headaches. Tam was told he needed additional surgery and was scheduled to see a neurosurgeon. In January 2010, before the scheduled appointment, Tam was transferred to Connecticut. Tam authorized the release of his medical records to Connecticut and told the doctor of his symptoms and the surgical appointment. The doctor, who is not a defendant in this case, denied treatment.

In August 2011, Tam filed a grievance against medical staff. In response, he was told that he was scheduled for an ear, nose and throat consultation. The doctors at the UCONN Health Center told Tam that he needed surgical treatment and recommended that procedure to the Department of Correction. In October 2011, the Utilization Review Committee denied the request for surgery. Since then, Tam has received no medical treatment for his symptoms and suffers from severe pain and difficulty breathing. In April 2012, a doctor at UCONN told Tam that he was denied surgery as a result of budget cutbacks.

Tam also alleges that defendant Nurse LaFrance denied his surgery. Nurses cannot order

or deny surgical procedures. *See Charles v. Maleh*, No. 3:02 CV 1341 (AWT), 2006 WL 581206, at *1 (D. Conn. Mar. 8, 2006) (acknowledging that approval and scheduling of surgical procedures is the responsibility of the Utilization Review Committee). The grievance attached to the complaint reveals that the surgery was denied by the doctors comprising the Utilization Review Committee, not a nurse. Accordingly the claim against LaFrance is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

Although the action can proceed against the doctors who comprised the Utilization Review Committee at the time surgery was denied, Tam has not identified any of the doctors. Without their names, the court cannot effect service of the complaint.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The claims against defendant LaFrance are DISMISSED pursuant to 28 U.S.C. § 1915A.

(2) The court cannot effect service on the unnamed members of the Utilization Review Committee without their full names and current work addresses. The plaintiff is directed to file an amended complaint containing that information. The plaintiff shall file the amended complaint within **twenty (20) days** from the date of this order. Failure to comply with this order may result in the dismissal of the complaint without further notice from the court.

**SO ORDERED** this 20th day of August 2012, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge