UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VU TAM, : | |
|       Plaintiff, : | |
| : | PRISONER |
| v. : | CASE NO. 3:12-cv-1019 (SRU) |
| : | |
| BARBER LaFRANCE and : | |
| UTILIZATION REVIEW COMMITTEE, : | |
|       Defendants. : | |

INITIAL REVIEW ORDER

The plaintiff, Vu Tam, currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut, has filed an complaint in compliance with the court's order. The plaintiff names as defendants Doctors Ruiz, Naqui, Farinella and Wu, all members of the Utilization Review Committee.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

      Tam alleges that in 2008, while incarcerated in New York, he underwent surgery to remove a brain tumor. A year later, he began to experience blurred vision, loss of hearing, dizziness and severe headaches. Tam was told he needed additional surgery and scheduled to see a neurosurgeon. In January 2010, before the scheduled appointment, Tam was transferred to Connecticut. Tam authorized the release of his medical records to Connecticut and told the doctor of his symptoms and the surgical appointment. The doctor, who is not a defendant in this case, denied treatment.

      In August 2011, Tam filed a grievance against medical staff. In response, he was told that he was scheduled for an ear, nose and throat consultation. The doctors at the UCONN Health Center told Tam that he needed surgical treatment and recommended that procedure to the Department of Correction. In October 2011, the Utilization Review Committee denied the request for surgery. Since then, Tam has received no medical treatment for his symptoms and suffers from severe pain and difficulty breathing. In April 2012, a doctor at UCONN told Tam that he was denied surgery as a result of budget cutbacks.

      Tam's claim that the defendants denied him necessary surgery for budgetary reasons is cognizable in this action. Accordingly, the complaint will be served on the defendants.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     **The Pro Se Prisoner Litigation Office shall** verify the current work address for the defendants, mail waiver of service of process request packets to them in their individual capacities within **fourteen (14) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on all defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141,  within **fourteen (14) days** from the date of this order and to file return of service within twenty (20) days from the date of this order.

(3)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)     **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If they chooses to file an

answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 10th day of December 2012, at Bridgeport, Connecticut.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge